UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH K. DAUKSAVAGE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FRIEDA HULKA et al., ) <br> ) <br> Defendants. ) | 3:15-cv-00319-RCJ-WGC <br><br> **ORDER** |

This is a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983.  For the reasons given herein, the Court screens the Complaint pursuant to 28 U.S.C. § 1915A and dismisses it, without leave to amend.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Joseph K. Dauksavage is a prisoner in the custody of the Nevada Department of Corrections.  He has sued two Defendants in this Court for violations of his Fourteenth Amendment rights under § 1983.[1]  Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs.  Specifically, Plaintiff alleges that Defendant Dr. Frieda Hulka removed his spleen at St. Mary's Medical Center in Reno on February 20, 2012.  After the

---

1 Although the claims are for deliberate indifference to serious medical needs, because Plaintiff was a pre-trial detainee at the time of the alleged harms, the Due Process Clause of the Fourteenth Amendment governs the claim directly, not the Eighth Amendment as incorporated against the states by that clause.

surgery, Defendant Dr. Alfred Maher told Plaintiff he was fine and could be released, despite a lump below his ribcage.  On March 9, 2012, Dr. Hulka examined the lump during a follow-up visit and noted that she did not have time to complete the surgery on February 20 because of his platelet count but that it would eventually go away.  Dr. Hulka refilled his post-surgery prescription for Vicodin at that time.  By June of 2012, Plaintiff began having episodes of severe abdominal pain.  On July 29, 2013, Plaintiff again experienced severe abdominal pain and was transported to Carson/Tahoe Hospital in Carson City, where he underwent emergency diaphragmatic repair surgery the next day.  Plaintiff alleges that Defendants exhibited deliberate indifference when they failed to complete the surgery on February 12, 2012.

## II.     LEGAL STANDARDS

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1)–(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule 12(b)(6), and the court applies the same standard under § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  When a court dismisses a complaint upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578,

581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or in fact.  This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or

claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.    ANALYSIS**

A statute of limitations is an affirmative defense, and a Court should not dismiss based on an affirmative defense unless the elements of the defense appear on the face of the pleading to be dismissed. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Where an affirmative defense does not appear on the face of the pleading sought to be dismissed, it cannot be determined until (at least) the summary judgment stage. *Albino v. Bac*a, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)). There is a two-year statute of limitations for § 1983 claims in Nevada. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (citing Nev. Rev. Stat. § 11.190(4)(e)). Plaintiff filed the present action on June 17, 2015. The Complaint itself indicates that the alleged harm occurred February 9, 2012 and March 9, 2012, with additional harm manifesting on July 29, 2013. Even assuming for the sake of argument, however, that the claim could survive the statute of limitations because of the continuing effects of the initial acts—and it likely cannot, as Defendant's actions were complete by March 2012 and the resulting condition and attendant pain had manifested by June 2012—Plaintiff's claim is in essence a claim for medical malpractice. Plaintiff admits he received surgery and pain pills. He is dissatisfied with the results and the level of skill used by the surgeon. The Court could not equate Dr. Hulka's medical opinion that enough had been done and that any lingering effects were likely to resolve themselves over time with deliberate indifference amounting to cruel and unusual punishment.

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Application to Proceed in Forma Pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall DETACH and FILE the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the case is DISMISSED, without leave to amend, and the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

DATED this 25th day of January, 2016.

_____
ROBERT C. JONES
United States District Judge